ANN BIRMINGHAM SCHEEL
United States Attorney
District of Arizona
JESSE FIGUEROA
Assistant U.S. Attorney
United States Courthouse
405 W. Congress St., Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
Email: jesse.figueroa@usdoj.gov
Attorneys for Plaintiff



FILED ___ LODGED
RECEIVED ___ COPY
AUG 30 2012
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR 12-0171-TUC-CKJ (LAB) |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| Ivan Tafoya, | |
| Defendant. | |

Plaintiff, United States of America, and defendant, Stacey Dawn Enos ("defendant") agree to the following disposition of this matter:

1. **PLEA**

Defendant will plead guilty to Count 3 of the Indictment, Assault on a Federal Officer, in violation of Title 18, United States Code, Section 111(a)(1) and (b).

2. **MAXIMUM PENALTIES**

a.  A violation of Title 18, United States Code, Sections 111, is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of 20 years, or both, and a term of supervised release of not more than 3 years. Each supervised release violation may carry a maximum penalty of 2 years in prison pursuant to Title 18, United States Code, Section 3583(e)(3).

b.  According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall:

(1) Order the defendant to make restitution to any victim of the offense, pursuant to Title 18, United States Code, Section 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2) Order the defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611, the defendant establishes the applicability of the exceptions found therein;

(3) Order the defendant, pursuant to Title 18, United States Code, Section 3583 to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and the Court may impose a term of supervised release in all other cases; and

(4) Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a special assessment on the defendant of $100.00. Defendant agrees, as a term of this plea agreement, that the special assessment is due at the time defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing. Defendant also agrees that if defendant is indigent, the special assessment will be collected in the same manner as would a fine, according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

c. Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction unless there are stipulations to the contrary that the Court accepts.

3.  **AGREEMENTS REGARDING SENTENCING**

   a.  <u>Stipulation</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant shall receive a term of imprisonment of **46-63 months incarceration consecutive to his current sentence.**

   b.  <u>Restitution</u> Pursuant to 18 U.S.C. §§ 3663(B) and/or 3663A, the defendant specifically agrees to make restitution to the victims in an amount to be determined by the Court, but in no event more than $250,000.00.

   c.  <u>Acceptance of Responsibility</u> If defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding defendant's commission of the offense, and if defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G.§ 3E1.1(a).

   d.  <u>Non-binding Recommendations</u> The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

   e.  This written agreement, and any addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

   f.  Defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration status. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

**4.   AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

   a.   This agreement does not, in any manner, restrict the actions of the United States in any other district, or bind any other United States Attorney's Office.

   b.   The government agrees to dismiss count 1 in the indictment.

**5.   COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

If the Court, after reviewing this plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea, in accordance with Fed. R. Crim. P. 11(c)(5).

If defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge, and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

**6.   WAIVER OF DEFENSES AND APPEAL RIGHTS**

Providing the defendant's sentence is consistent with this agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the Indictment, Superseding Indictment or Information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against defendant, or the imposition of sentence, including the manner in which the sentence is determined, including but not limited to any appeals under Title 18, United States Code, Section 3742 (sentence appeals) and motions under Title 28, United States Code, Sections 2241 and 2255. The defendant acknowledges that if the Court has sentenced the defendant according to the terms of this agreement, this waiver shall result in the dismissal of any appeal, collateral attack, or other

motion the defendant might file challenging his conviction, order of restitution or forfeiture, or sentence in this case.

Pursuant to Title 18, United States Code, Section 3600A, the defendant knowingly and voluntarily waives the right to request DNA testing of any biological evidence in this case and understands that biological evidence collected by the United States will be destroyed after sentencing.

7. **PERJURY, FALSE STATEMENTS OR OTHER OFFENSES**

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement.

8. **DISCLOSURE OF INFORMATION TO U.S. PROBATION OFFICE**

　　a.　The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

　　b.　Any information, statements, documents, and evidence which defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

　　c.　The defendant shall cooperate fully with the United States Probation Office. Such cooperation will include providing complete and truthful responses to any questions posed by the United States Probation Office including, but not limited to:

　　　　(5)　All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines;

　　　　(6)　All financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution;

　　　　(7)　All history of drug abuse which would warrant a treatment condition as part of sentencing; and

　　　　(8)　All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

**9.   FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. This agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

**10.   ELEMENTS OF THE OFFENSE**

1. The defendant forcibly assaulted United States Corrections Officer Allen Domas.
2. The defendant did so while Officer Domas was engaged in the performance of his official duties.

**11.   FACTUAL BASIS**

The defendant admits that the following facts are true and that if this matter were to proceed to trial, the United States could prove the following facts beyond a reasonable doubt:

On November 19, 2011, defendant was an inmate in the Federal Corrections Institution near Tucson, Arizona. Corrections Officer Allen Domas, an Officer of the United States, was conducting an inspection of the defendant's cell. The defendant punched and kicked Corrections Officer Domas causing Officer Domas to receive abrasions, contusions and a laceration. Officer Domas was engaged in the performance of his duties at the time.

### DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present

evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment, or my sentence may otherwise be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this <u>written</u> plea agreement are without force and effect and are null and void.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my

attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

8-30-12
Date

Ivan Tafoya
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

8-30-12
Date

Joseph Duarte
Attorney for Defendant

**UNITED STATES' APPROVAL**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

ANN BIRMINGHAM SCHEEL
United States Attorney
District of Arizona

_8/30/12_
Date

_/s/ Jesse Figueroa_
Jesse Figueroa
Assistant U.S. Attorney